# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMRITPAL SINGH NAGI., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-2152 (KBJ) |
| | ) | |
| ELAINE L. CHAO, *Secretary, U.S.* | ) | |
| *Department of Transportation*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Before this Court at present is Defendant's Renewed Motion for Partial Dismissal, or in the Alternative for Partial Summary Judgment. (Def.'s Renewed Mot. for Partial Dismissal ("Def.'s Mot."), ECF No. 16.) Defendant seeks partial dismissal of Plaintiff's claims alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and full dismissal of Plaintiff's claim alleging a hostile work environment in violation of Title VII. (*See* Def.'s Mem. in Support of Def.'s Mot. ("Def.'s Mem."), ECF No. 16-1, at 10–11, 35.)[1]

The procedural history of this employment discrimination case is simply stated: on October 26, 2016, Plaintiff Amritpal Nagi, an American citizen of South Asian descent and a practicing Sikh, filed a complaint against the Secretary of the Department of Transportation in his official capacity (hereinafter "DOT"), alleging that the Federal Aviation Agency ("the FAA"), which employed Nagi, had discriminated and retaliated

---

[1] Page numbers herein refer to those that the Court's electronic case-filing system automatically assigns.

against Nagi based on his race, skin color, religion, gender, national origin, and age. (*See* Compl., ECF No. 1, at 1, 10–13 (alleging various violations of Title VII of the Civil Rights Act of 1964).)[2] DOT filed its first Motion for Partial Dismissal on March 28, 2017 (*see* Def.'s Mot. for Partial Dismissal, ECF No. 8, at 1), and this Court held a motion hearing to consider the parties' arguments on December 14, 2017 (*see* Hr'g Tr., ECF No. 13). During the hearing, it became clear that there was substantial confusion as to what allegedly discriminatory or retaliatory conduct supported each of Plaintiff's three claims (*see, e.g.*, Hr'g Tr. at 3:20–8:5, 12:10–14:8, 18:3–19:12, 23:15–23, 29:12–32:14), so this Court ordered Plaintiff to submit an amended complaint and dismissed Defendant's initial motion as moot (*see* Minute Order of December 14, 2017). On January 11, 2018, Plaintiff filed an amended complaint that realleged discrimination, retaliation, and a hostile work environment in violation of Title VII. (*See* First Amended Complaint ("FAC"), ECF No. 14, at 8–10.) Thereafter, Defendant filed the "renewed" partial motion to dismiss, or in the alternative for partial summary judgment, that is before this Court at present. (*See* Def.'s Mot.)

In its renewed motion, Defendant asks this Court to dismiss Plaintiff's discrimination and retaliation claims (the First and Second Causes of Action) to the extent that they rely on his non-selection for a Supervisory General Engineer position because Defendant argues that any claims relating to this particular non-selection are not exhausted. (*See* Def.'s Mem. at 22–28.) Defendant also seeks full dismissal of Plaintiff's hostile work environment claim (the Third Cause of Action). (*See id.* at 28–

---

[2] The Federal Aviation Agency is an agency within the Department of Transportation. *See United States v. S.A. Empresa de Viacao Aerea Rio Grandense*, 467 U.S. 797, 804 n.5 (1984). Suits against government officials in their official capacity are treated as a suit against the government entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

35.) For the reasons that follow, and as set forth in the Order that accompanies this Memorandum Opinion, Defendant's motion will be **GRANTED IN PART AND DENIED IN PART**.

## I.

Defendant first argues that the discrimination and retaliation claims in the first two counts of Plaintiff's First Amended Complaint must be dismissed to the extent that they are based on unexhausted allegations regarding Plaintiff's non-selection for a "Supervisory General Engineer" position. (*See id.* at 22–28.)[3] Plaintiff responds that his Complaint specifically avers that the non-selection claims to which these counts refer relate only to his non-selection for a "Program Manager" position (*see* Pl.'s Mem. in Opp. to Def.'s Mot. ("Pl.'s Mem."), ECF No. 20, at 3–5), and in this Court's view, this representation is entirely consistent with the plain language of the complaint (*see* FAC, ¶¶ 57, 60 (alleging, respectively, that Defendant discriminated and retaliated against Plaintiff "when it failed to select him for the Program Manager position")). Moreover, the parties agree that Plaintiff exhausted his claims of discriminatory and retaliatory non-selection for the Program Manager position (*see* Pl.'s Mem. at 3–5; *see also* Def.'s Mem. at 25–26); yet, Defendant insists that Plaintiff's complaint should be read to include claims based on non-selection for the Supervisory General Engineer position, and that any such claim should be dismissed as unexhausted (*see* Def.'s Mem. at 25–26; Def.'s Reply in Support of Def.'s Mot. ("Def.'s Reply"), ECF No. 22, at 2–3).

---

[3] Defendant appears to concede that Plaintiff's discrimination and retaliation claims are also based on a purported non-selection for a Program Manager position, and that Plaintiff exhausted his claims with respect to *that* allegedly discriminatory and retaliatory act. (*See* Def.'s Mem. at 9–10, 25–26.) As a result, Defendant's motion seeks only "partial" dismissal of the first two counts, and only insofar as they pertain to the Supervisory General Engineer position. (*See id.* at 9, 35.)

This Court has no idea why it would undertake to interpret Plaintiff's complaint to include claims that Plaintiff eschews and that Defendant contends must be dismissed in any event. Instead, in accordance with the language of the First Amended Complaint and Plaintiff's own representations regarding the claims that he has made therein, the Court will construe the non-selection claims in the first two counts of Plaintiff's complaint to pertain solely to the Program Manager position, and having so construed Plaintiff's pleading, Defendant's motion for partial dismissal of Plaintiff's first two causes of action will be denied as moot.[4]

## II.

Defendant makes three arguments in support of its motion to dismiss Plaintiff's Third Cause of Action—the hostile work environment claim. (*See* Def.'s Mem. at 28–35.) Two of these arguments relate to the scope of the claim: Defendant argues, first, that the hostile work environment allegation includes incidents of purported discrimination by Plaintiff's supervisors that cannot be litigated in this Court because Nagi elected to pursue those claims through his union's grievance process (*see id.* at 29–31), and second, it protests Plaintiff's reliance on his non-selection for the Program Manager position to support his hostile work environment claim (*see id.* at 33–35). Both of these contentions are easily dispensed with, because, as Defendant acknowledges, Plaintiff's amended complaint removes "all of the specific factual allegations of harassment and hostile work environment" that were included in his

---

[4] This Court's holding extends only to the issue of whether Plaintiff can base his claim for relief with respect to these two counts on his purported non-selection for the Supervisory General Engineer position. The question of whether or not Plaintiff can introduce *evidence* related to that non-selection in order to support his timely, exhausted claim of non-selection for the Program Manager position, *see, e.g.*, *Ellison v. Napolitano*, 901 F. Supp. 2d 118, 128 (D.D.C. 2012), is not before the Court at this time.

4

union's grievance (*id.* at 30), and Plaintiff has also expressly disclaimed any reliance on the Program Manager non-selection in support of his hostile work environment claim (*see* Pl.'s Mem. at 5 n.2). After considering the plain language of the complaint (*see* FAC ¶ 63); Plaintiff's representations at the hearing of December 14, 2017 (*see* Hr'g Tr. at 10:7–16, 18:21–19:6); and Plaintiff's written response to Defendant's motion (*see* Pl.'s Mem. at 7), the Court concludes that Plaintiff's hostile work environment claim is not based on any conduct adjudicated through the union grievance process, and the Court will disregard any references to non-selection for the Program Manager position in the context of the hostile work environment contentions that are discussed in Paragraph 63 of the amended complaint (*see* FAC ¶ 63).

Given the plain language of the First Amended Complaint, and consistent with Plaintiff's representations cited above, the scope of Plaintiff's hostile work environment claim is limited to two discrete, allegedly discriminatory events: (1) when a co-worker allegedly approached Nagi and said "Heil Hitler" in October of 2013, and (2) when an unknown employee placed a vacancy announcement for the position of "Asian Elephant Keeper" at the National Zoo on Nagi's desk in April of 2014. (*See id.*; Hr'g Tr. at 9:25–10:16, 18:21–19:6; Pl.'s Mem. at 7.) Defendant's third and final argument regarding dismissal of Plaintiff's hostile work environment claim is that Plaintiff failed to exhaust his claims regarding these "inflammatory comments" and "racially derogatory documents" (Def.'s Mem. at 31 (internal quotation marks and citations omitted)), and it may well be that Nagi's claims with respect to these incidents are not exhausted, as Defendant argues (*see id.* at 31–33). But this Court need not enter the thicket of considerations that apply when a court is called upon to determine whether or

not a plaintiff has adequately exhausted a hostile work environment claim, *see Leach v. Nat'l R.R. Passenger Corp.*, 128 F. Supp. 3d 146, 153 (D.D.C. 2015) (explaining that hostile work environment claims may be exhausted if the administrative complaint gives sufficient notice that the administrative inquiry could have uncovered the allegedly discriminatory conduct), because even accepting all of Plaintiff's allegations in the complaint as true and drawing all reasonable inferences in his favor, the complaint's allegations regarding these two incidents patently fail to state a plausible claim for relief under a hostile work environment theory, *see Fontaine v. JP Morgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 107 (D.D.C. 2014) (explaining that a court may dismiss a complaint on its own initiative when it plainly cannot support a claim (citing *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990))).

It has long been clear in this district that isolated incidents of offensive language and even ethnic or racial slurs do not "affect the conditions of employment to [a] sufficiently significant degree to violate Title VII." *Deloatch v. Harris Teeter, Inc.*, 797 F. Supp. 2d 48, 62 (D.D.C. 2011) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)); *see, e.g., id.* at 63 (finding allegations that a manager used a racial epithet with respect to an African-American plaintiff in one instance, and that another manager called plaintiff's co-worker the same racial epithet on a separate occasion, was not severe and pervasive enough to support hostile work environment claim). The Supreme Court has instructed that Title VII is not a "general civility code[,]" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks and citation omitted), and courts have routinely dismissed hostile work environment claims that are based on a few distinct and disparate acts of alleged discrimination, *see, e.g.*,

6

*Badibanga v. Howard Univ. Hosp.*, 679 F. Supp. 2d 99, 104 (D.D.C. 2010) (dismissing hostile work environment claim by citizen of Democratic Republic of the Congo alleging that supervisors told him he could easily be replaced by an American, that other African citizens would not be hired, and criticized his accent); *King v. Pierce Assocs., Inc.*, 601 F. Supp. 2d 245, 248 (D.D.C. 2009) (dismissing hostile work environment claim based on single instance when co-worker allegedly made racial and sexual remarks).

Here, Plaintiff's complaint alleges simply and solely that, on two occasions, Nagi faced explicit and implicit racially derogatory comments and materials in the workplace. (*See* FAC ¶ 63.) Because such allegations are insufficient to state a hostile work environment claim even if true, Defendant's motion to dismiss Plaintiff's Third Cause of Action must be granted.

## III.

For the reasons stated above, and as set forth in the accompanying Order, Defendant's partial motion to dismiss, or in the alternative, partial motion for summary judgment, will be **DENIED IN PART AND GRANTED IN PART** as follows. Because the parties appear to agree that Plaintiff's claims regarding discriminatory and retaliatory non-selection for a Program Manager position remain and because this Court has found that there is no claim in the complaint pertaining to a Supervisory General Engineer position, Defendant's motion to dismiss the first two counts of the complaint will be denied as moot. However, Defendant's motion to dismiss with respect to Plaintiff's hostile work environment claim will be granted, because the allegations of

7

the complaint are patently insufficient to state a plausible claim for a hostile work environment in violation of Title VII.[5]

Date:  September 28, 2018

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

---

[5] Defendant seeks "partial" summary judgment based on the same arguments that it makes in support of dismissal, and its contention in this regard is entirely underdeveloped. (*See* Def.'s Mem. at 10, 29.) Therefore, it has provided no bases for the Court's entry of summary judgment for Defendant on any of the claims in Plaintiff's complaint.